## S98A0243. CROSBY v. THE STATE.

(498 SE2d 62)

FLETCHER, Presiding Justice.

Angela Crosby was convicted of malice murder, armed robbery, and theft by taking in connection with the death of Olin Miller.[1] The state sought the death penalty on the murder charge, but the jury returned a sentence of life imprisonment. Crosby complains that the trial court erred in admitting evidence that she possessed a small amount of marijuana and in charging the jury on her coercion defense. Finding no harmful error, we affirm.

1. The evidence presented at trial shows that three young men jumped on the 68-year-old Miller and placed a sheet over his head as he came to pick up Crosby at her boyfriend's trailer. In a taped statement to police that was introduced at trial, Crosby stated that her boyfriend, Ronnie Beasley, started beating Miller on the head with a thick ceramic beer mug as her brother Shayne Courson and his friend Jason Walsh held Miller down. Crosby told police that Beasley held his hands over Miller's mouth and nose until Miller quit moving and that she placed a plastic bag around Miller's feet, although a cellmate testified that Crosby said she placed a bag around Miller's head and tied a plastic wire clothesline around his neck. Crosby got a quilt, the men wrapped Miller in it, and Beasley put silver tape around the quilt. The three men loaded the body onto Miller's truck, and Crosby drove to a bridge where she waited while the other three disposed of the body. They drove Miller's truck from Toombs County to Columbus, Georgia, where Courson and Walsh were dropped off.

Later, Crosby and Beasley drove to west Alabama and north Florida before being arrested in Blakely, Georgia, for driving off from a service station without paying for the gas. After police impounded the truck and released them, they kidnapped a 16-year-old and stole his truck. The teenager escaped after Crosby opposed Beasley's attempt to kill him. Crosby and Beasley drove back to Toombs County where police arrested them for Miller's murder. Beasley showed police where Miller's body was located beneath rocks at the base of a bridge. At trial, the pathologist testified that Miller died of asphyxiation and secondary effects from wounds to his head. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have

---

[1] The murder occurred on March 18, 1995, and Crosby was indicted on April 24, 1995. A jury found her guilty on February 13, 1997, and the trial court sentenced her to life imprisonment on both the murder and armed robbery charges and 20 years imprisonment on the theft charge, with the sentences to be served consecutively. Crosby filed a notice of appeal on March 11, 1997. The case was docketed in this court on October 31, 1997, and submitted for decision without oral arguments on December 22, 1997.

found Crosby guilty of the crimes charged.[2]

2. Crosby complains that the trial court improperly instructed the jury by adding a charge on justification to the charge on coercion. The trial court gave the defendant's requested jury charge on coercion, including the statutory language of OCGA § 16-3-26 that a person is not guilty of a crime, except murder, if the act is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent imminent death or great bodily harm. The trial court then charged the jury that it could consider the defense of coercion if it found the defendant was justified in using force against the deceased based on coercion. Read as a whole, the trial court's instructions adequately informed the jury of Crosby's defense to the armed robbery and theft charges and allowed the jury to consider her coercion defense as a justification for her action in committing those crimes.

3. Crosby also contends that the trial court improperly admitted evidence that a small amount of marijuana was found in her pocketbook when she was stopped by police in Blakely. We agree that Crosby objected to the evidence and the trial court erred in admitting it since it was irrelevant and prejudicial. The error, however, was harmless given the overwhelming evidence of Crosby's participation in the crimes and her failure to report the crimes to police when she had the opportunity.

4. Having reviewed Crosby's other enumerations of error, we find that the trial court did not err in failing to excuse jurors Brenda F. O'Neal, Sandra Dixon, and Frank Gorley for cause; in admitting Crosby's custodial statements into evidence; and in refusing to give Crosby's requested charge on "offensive weapons."

*Judgment affirmed. All the Justices concur, except Hunstein and Carley, JJ., who concur in Divisions 1, 2, 4 and the judgment.*

DECIDED APRIL 13, 1998 —
RECONSIDERATION DENIED MAY 14, 1998.

*Robert S. Reeves, Kathy S. Palmer,* for appellant.

*Richard A. Malone, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.

---

[2] *Jackson v. Virginia,* 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).