## S98A0881. COURSON v. THE STATE.
### (502 SE2d 453)

THOMPSON, Justice.

Shayne Anthony Courson appeals from his convictions for felony murder, armed robbery, and theft by taking a motor vehicle, in connection with the death of Olin Miller.[1]

Several days after Olin Miller's body was reported missing, it was located in a creek, buried beneath a pile of rocks. Miller's death was the result of two factors — blunt force trauma to the head and asphyxiation.

Courson, Jason William Walsh,[2] Ronnie Jack Beasley, Jr.,[3] and Angela E. Crosby,[4] were arrested in connection with Miller's death. Following his arrest, Courson admitted that, on the day in question, he went with Walsh to Beasley's trailer; that Beasley said he wanted to mug someone and "take there [sic] ride"; that Crosby (Beasley's girl friend and Courson's sister) called Miller; that when Miller arrived Courson "threw a sheet over him" and Walsh knocked him down; that Courson and Walsh kept Miller down while Beasley hit him with a beer mug; and that Beasley held Miller's nose and mouth until he stopped breathing. Courson also told the police that he participated in putting Miller's body in Miller's truck, taking his body to the creek, and covering it with rocks.

1. The evidence was sufficient to enable any rational trier of fact

---

[1] The crimes were committed on March 18, 1995. Courson was indicted on April 24, 1995, along with Jason William Walsh, Ronnie Jack Beasley, Jr., and Angela E. Crosby, and charged with malice murder, armed robbery, and motor vehicle theft. Courson and Walsh were tried together beginning on April 21, 1997, and the jury returned its verdict on April 23, 1997. Defendant was sentenced to life in prison for felony murder and 15 years in prison for motor vehicle theft. Defendant's timely motion for new trial was denied on September 29, 1997. Because his notice of appeal was filed untimely, his original appeal was dismissed for lack of jurisdiction. Courson then sought and was given permission to file an out-of-time appeal; and he filed a second notice of appeal on February 16, 1998. The case was docketed in this Court on March 11, 1998, and submitted for a decision on briefs on May 4, 1998.

[2] See *Walsh v. State*, 269 Ga. 427 (499 SE2d 332) (1998).

[3] See *Beasley v. State*, 269 Ga. 620 (502 SE2d 235) (1998).

[4] See *Crosby v. State*, 269 Ga. 434 (498 SE2d 62) (1998).

to find beyond a reasonable doubt that Courson was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Courson asserts the trial court erred in concluding that his custodial statement was voluntary and admissible. In this regard, Courson points out that Agent Horton, whom the state did not call as a witness, amended Courson's handwritten statement by adding the words: "I have not been promised anything or threatened in any way to write this statement." In addition, Courson notes that, according to Agent Sweat, Courson "was hesitant at speaking [in his initial interview], but then very quickly talked about what went on as he recalled." Courson asserts that these facts, taken together, make it clear that his statement was not voluntary. We disagree.

No evidence was introduced to suggest any impropriety on the part of the agents. Courson was advised of his rights and said he understood them. He signed a waiver stating that he had not been promised anything, that he had not been forced to answer any questions, and that he was willing to speak to the agents. Agent Sweat explained that by using the term "hesitant," he simply meant that Courson initially lied to the agents, but that, after he was accused of lying, he began to tell the truth. Agent Sweat also testified that it was not uncommon for an agent to add the words which Agent Horton added to Courson's written statement. The trial court did not err in finding Courson's statement admissible. See generally *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748) (1985) (unless clearly erroneous, trial court's determination as to voluntariness of confession must be upheld by appellate court).

3. Courson asserts the setting of the trial was inherently prejudicial because of a barrage of pretrial publicity and the highly publicized death penalty trials of two of Courson's co-defendants, Beasley and Crosby. This assertion is without merit. Courson made no showing whatsoever of a barrage of media publicity, much less such a barrage of inflammatory pretrial publicity as to give rise to a presumption of prejudice. See *Happoldt v. State*, 267 Ga. 126, 128 (475 SE2d 627) (1996); *Gibson v. State*, 261 Ga. 313, 314 (404 SE2d 781) (1991). See also *Devier v. State*, 253 Ga. 604, 608-609 (323 SE2d 150) (1984) (empaneling of fair and impartial jurors, as demonstrated on voir dire, makes it particularly difficult to show that setting of trial was inherently prejudicial).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1998.

*Thomas J. O'Donnell, Jr.,* for appellant.
*Richard A. Malone, District Attorney, Thurbert E. Baker, Attor-*

*ney General, Jayson Phillips, Assistant Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

