## S00A0212. BENFORD v. THE STATE.
(528 SE2d 795)

HUNSTEIN, Justice.

Henry Benford was sentenced to life imprisonment for malice murder in the shotgun killing of Eric Martin. He appeals the denial of his motion for new trial.[1] Finding no reversible error, we affirm.

---

[1] The crimes occurred on December 29, 1995. Benford, aka Henry Hill, was indicted August 27, 1996 in Fulton County and charged with murder, felony murder based on aggravated assault with a deadly weapon, aggravated assault with a deadly weapon, felony murder based upon aggravated assault with intent to rob, aggravated assault with intent to rob, and possession of a firearm by a convicted felon. The possession charge was dead docketed and a jury found Benford guilty on November 24, 1997. He was sentenced to life imprisonment on the malice murder conviction on December 3, 1997. His motion for new trial, filed December 19, 1997 and amended March 13, 1998, was denied March 13, 1998. A notice of appeal was filed March 23, 1998. The appeal was docketed October 25, 1999 and was submitted for decision on the briefs.

1. The jury was authorized to find that Benford, along with Scott and Betts, went into an abandoned house and joined the victim, Eric Martin, and an unknown individual in drinking alcohol and smoking crack cocaine. The cocaine had been purchased by Martin and the men knew Martin had the money to purchase more. Benford left the house and returned with a borrowed shotgun, with which he shot Martin in the abdomen. Benford then fled after exhorting Scott to take the victim's drugs and money, which Scott declined to do. Betts telephoned the police and remained on the scene; Scott phoned the police later from his home and identified Benford as the killer. Martin, before his death, identified the shooter to the police as "Shorty." Benford testified he is "about five-five" and although he stated that he did not "label [him]self as short," other witnesses referred to Benford by that nickname. A month and a half later, police in a marked car spotted Benford, who fled from the officers after discarding a .22 caliber pistol and a can that contained 76 hits of suspected crack cocaine. Benford was arrested and gave a statement in which he claimed that he obtained the shotgun and served as lookout while Scott committed the murder. Scott testified at trial and was subject to cross-examination.

We find the evidence adduced sufficient to enable a rational trier of fact to find Benford guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After conducting a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial court found that Benford's custodial statement was freely and voluntarily made. The evidence before the trial court established that Benford signed a waiver of his rights, stated that he was not under the influence of drugs or alcohol at the time, and did not appear to be under the influence to the 22-year veteran detective who interrogated Benford. The trial court's finding was not clearly erroneous and thus will not be disturbed on appeal. See *Dixon v. State*, 267 Ga. 136 (3) (475 SE2d 633) (1996).

3. Relying upon *Cargill v. State*, 255 Ga. 616 (25) (340 SE2d 891) (1986) and similar cases, the trial court admitted evidence regarding the pistol and crack cocaine found in Benford's possession at the time of his arrest. See also *Miller v. State*, 270 Ga. 741 (3) (512 SE2d 272) (1999); *Kelly v. State*, 270 Ga. 523 (4) (c) (511 SE2d 169) (1999). Subsequent to Benford's trial, a majority of this Court in *Crosby v. State*, 269 Ga. 434 (498 SE2d 62) (1998) held that evidence of marijuana found in a murder suspect's pocket when she was stopped by police should not have been admitted because it was "irrelevant and prejudicial." Id. at 435 (3). Benford argues that the admission of evidence about the pistol and drugs constituted reversible error under

*Crosby*.[2] Like the Court of Appeals, we do not interpret *Crosby* as standing for the proposition that circumstances surrounding an arrest other than for the crime for which a defendant is on trial are always irrelevant and prejudicial. *Anderson v. State*, 236 Ga. App. 679, 683 (4) (513 SE2d 235) (1999). Accord *Kelly*, supra, 270 Ga. at 526 (4) (c). However, this Court has indicated that the admission of evidence which shows the commission of another crime may not automatically be admitted solely on the basis that the evidence was incident to an accused's arrest where the evidence is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant. See *Crosby*, supra; *Ivester v. State*, 252 Ga. 333 (2) (313 SE2d 674) (1984); *Bixby v. State*, 234 Ga. 812 (1) (218 SE2d 609) (1975). Just as evidence of the circumstances connected with an accused's arrest is not automatically prejudicial neither is it automatically relevant. Rather, such evidence is subject to the same standard of relevancy and materiality applicable to other evidence. Thus, "the admission or exclusion of this evidence 'lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.' [Cit.]" *Johnson v. State*, 272 Ga. 254, 257 (1) (526 SE2d 549) (2000).

In the case before us, given the role crack cocaine played in the events leading up to the murder of the victim and the reasonable inference the jury could have drawn from the evidence that Benford's motive in murdering the victim was to obtain the victim's drugs or money to purchase the drug from others, we find no error in the trial court's admission of testimony that Benford possessed crack cocaine when arrested. Although the State argues that Benford's possession of a .22 caliber pistol was relevant because Benford killed the victim with a firearm, we find that the admission of this circumstance of Benford's arrest was error because the evidence established that Benford committed the murder using a shotgun which he obtained from a third party; that Benford was arrested approximately six weeks after the charged crime; and no other relevant basis was presented to support the admission of this prejudicial evidence. We conclude, however, that the admission of this circumstance of Benford's arrest was harmless given the overwhelming evidence of Benford's guilt. *Crosby*, supra, 269 Ga. at 435 (3).

---

[2] *Crosby* set forth no authority for its holding and did not distinguish factually or otherwise the well-established principle that all circumstances connected with an accused's arrest are admissible, even though they incidentally put his character in issue. *Wayne v. State*, 56 Ga. 114 (5) (1876). See also, e.g., *Kelly, Cargill*, supra; *Ivester v. State*, 252 Ga. 333 (2) (313 SE2d 674) (1984); *Clements v. State*, 226 Ga. 66 (1) (172 SE2d 600) (1970); *McClung v. State*, 206 Ga. 421 (1) (57 SE2d 559) (1950).

4. Even assuming, arguendo, that Benford was harmed by a detective's mention of Benford's alias, but see *McCord v. State*, 268 Ga. 842 (2) (493 SE2d 129) (1997), because of the nature of the challenged testimony, the other evidence in the case, and the action taken by the court, including the giving of a curative instruction, we find no abuse of the trial court's discretion in denying Benford's motion for mistrial. See generally *Suah v. State*, 271 Ga. 89 (3) (515 SE2d 614) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 1, 2000.

*Shalini A. Patel, Viveca B. Famber*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, George W. K. Snyder, Jr.*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Adam M. Hames*, Assistant Attorney General, for appellee.

