A01A0960. BUTTS v. THE STATE.
(552 SE2d 888)

SMITH, Presiding Judge.

Gary Orlando Butts was convicted by a DeKalb County jury of one count of armed robbery by use of a replica, article, or device having the appearance of an offensive weapon. OCGA § 16-8-41 (a). His amended motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Butts first contends the trial court erred in allowing evidence of the circumstances of his arrest. Construed in favor of the jury's verdict, the evidence showed that Butts took the victim's keys and sport utility vehicle from her by threatening her with an object that appeared to be a revolver, then drove "screeching" away. The following afternoon, an officer answering an unrelated call pulled in behind a sport utility vehicle on Interstate 20 and followed it up an exit ramp to a nearby subdivision. The driver, later revealed to be Butts, suddenly applied his brakes, then threw the vehicle in reverse, causing the officer to back up. When the officer started backing up, Butts jammed the vehicle into gear, spinning the tires, and "took off." Surprised by this conduct, the officer activated his emergency lights and siren and pursued the vehicle. Butts drove toward the scene of the officer's unrelated call, and when the officers already on the scene attempted to stop him, he "jerked" the vehicle "over at the officers."

---

Butts then drove across a driveway and yard and jumped a ditch to get out of the subdivision, drove in a reckless manner back toward the interstate, and traveled along the interstate at speeds between 100 and 125 mph. He eventually attempted to exit the interstate, hit another vehicle, became airborne, and flipped down a 15-foot embankment. Butts fled on foot but was apprehended nearby. Questioned by the police after receiving his *Miranda* warnings, he acknowledged having taken the car from the victim, but denied having a gun. Butts contends that this evidence showed "an independent incident possibly involving criminal behavior not related to the crime for which the appellant is on trial" and that it occurred too long after the crime.

> [T]he admission of evidence which shows the commission of another crime may not automatically be admitted solely on the basis that the evidence was incident to an accused's arrest where the evidence is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant. Just as evidence of the circumstances connected with an accused's arrest is not automatically prejudicial neither is it automatically relevant. Rather, such evidence is subject to the same standard of relevancy and materiality applicable to other evidence. Thus, the admission or exclusion of this evidence lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.

(Citations and punctuation omitted.) *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000).

Applying this standard, the testimony was clearly relevant and material in several respects. Butts's possession of the stolen vehicle was highly relevant to the State's case. *Davis v. State*, 272 Ga. 327, 333-334 (7) (528 SE2d 800) (2000) (possession of murder weapon at time of arrest). Moreover, Butts's conduct in fleeing a police officer who made no attempt to stop him showed consciousness of guilt. *Shaheed v. State*, 245 Ga. App. 754-755 (1) (538 SE2d 823) (2000). Our courts and others have long recognized that " '[t]he wicked flee when no man pursueth.' [Cit.]" *Rogers v. State*, 80 Ga. App. 585, 591 (5) (56 SE2d 633) (1949). The lapse of less than 24 hours does not render an incident too remote in time from the arrest. *Nealy v. State*, 246 Ga. App. 752, 753 (1) (542 SE2d 521) (2000) (shootout 26 days earlier not remote in time). Because the evidence was highly relevant to the State's case, some testimony regarding other circumstances of this arrest was not error, even though it may have incidentally

placed Butts's character in issue. *Davis*, supra at 334 (7). The trial court did not abuse its discretion in admitting evidence of the circumstances of Butts's arrest.

2. In his second enumeration of error, Butts contends that the trial court failed to instruct the jury that it could consider the lesser included offenses of robbery and theft by taking with respect to Count 2 of the indictment. It is true that the trial court initially instructed the jury on the lesser included offenses only with respect to Count 1. But upon subsequent questioning by the jury, the trial court explicitly pointed out the omission, stating, "The robbery by intimidation is a lesser-included offense of both count 1 and count 2. I just put it in count 1 to make it easier for you. . . . And, of course, I also charged you on the lesser included offense of theft by taking, which is also a lesser-included offense." Upon further questioning from a juror, "So it is an either/or, count 1 or count 2?" the trial court elaborated, "Yes. But the lesser-includeds would be included in both." Therefore, assuming without deciding that the original charge may have been inaccurate or incomplete, "the subsequent recharge clarified the issue and corrected any error. [Cit.]" *Howard v. State*, 177 Ga. App. 589, 590 (3) (340 SE2d 212) (1986). See also *Williams v. State*, 224 Ga. App. 368, 371 (6) (481 SE2d 535) (1997); *Johnson v. State*, 187 Ga. App. 803 (2) (371 SE2d 419) (1988).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JULY 23, 2001.

*William T. Hankins III*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Ingrid Skidmore, Assistant District Attorneys*, for appellee.