## S02A1669. SMITH v. THE STATE.
(575 SE2d 450)

THOMPSON, Justice.

Cornelious Donte Smith was convicted by a jury of malice murder, felony murder, and possession of a firearm during the commission of a crime in connection with the shooting death of his brother, William Holmes.[1] On appeal, Smith challenges the admissibility of his custodial statements, the denial of his motion to suppress evidence seized during a search of his residence, as well as certain evidentiary rulings by the trial court. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that Smith accused Holmes of stealing marijuana from his bedroom, and an argument ensued between the two brothers. Later in the day, Smith told his friend, Alexus Holton, that he wanted to confront Holmes about taking his "stuff." While smoking marijuana, Smith and Holton drove around the area in search of Holmes. They eventually encountered Holmes driving his truck and both vehicles pulled off the road. Smith exited his car and approached Holmes. Holmes got out of his truck and the two brothers argued and began pushing each other. Holmes returned to his truck and began to pull the door closed as he told Smith to leave. At that point, Smith produced a cocked handgun from his pocket. Holton observed Smith use the gun to pistol-whip Holmes about his face. Smith then fired a single fatal shot into the victim's chest at close range, whereupon he returned to his car and directed Holton to drive away from the scene. The two stopped at a bridge where Smith tossed the weapon away. Smith contended that the shooting occurred accidentally when Holmes grabbed his arm in an effort to get the gun.

1. The evidence was sufficient for a rational trier of fact to have rejected Smith's accident defense and to have found him guilty beyond a reasonable doubt of murder and possession of a firearm during the commission of that crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that the trial court properly denied Smith's motion for a directed verdict of acquittal.

2. Smith, who was beyond the legal age of majority at the time of the shooting, contends that his custodial statements were rendered

---

[1] The crimes occurred on March 25, 2000. An indictment was returned on May 8, 2000, charging Smith with malice murder, felony murder while in the commission of an aggravated assault, and possession of a firearm during the commission of a crime. Trial commenced on May 22, 2001, and on May 25, 2001, a jury found Smith guilty of all counts. He was sentenced on May 25, 2001 to life imprisonment for malice murder and to five consecutive years for the firearm possession. On the same day, Smith filed a motion for new trial, which was amended on January 8, 2002, and June 11, 2002, and denied on June 25, 2002. A notice of appeal was filed on July 8, 2002. The case was docketed in this Court on July 18, 2002, and was submitted for a decision on briefs on September 9, 2002.

involuntary and inadmissible because the interrogating officer failed to comply with his request to speak with his mother.

Evidence at a *Jackson v. Denno* hearing established that the *Miranda* protocol was carefully followed and that Smith did not invoke the right to an attorney, nor did he refuse to talk to investigators or ask that the interview be terminated. There is no requirement that a parent or guardian be present during the questioning of an adult accused. *White v. State*, 251 Ga. 482 (1) (306 SE2d 636) (1983). The factors to be applied in analyzing the voluntariness of a statement given by a juvenile defendant are inapposite here. Id. Since the failure to contact Smith's mother did not render his statements involuntary, we find no error.

3. During voir dire, a prospective juror volunteered that she believed the gun involved in the case was the gun stolen from her husband's vehicle. No corrective action was sought by the defense. Nonetheless, the State asked the juror if she could be fair and impartial; she responded affirmatively.[2] After completion of voir dire, after the jury was impaneled and sworn and the remaining panel excused, and after a *Jackson v. Denno* hearing, Smith moved for mistrial asserting that the juror's remark prejudiced the panel. On appeal, Smith submits that he was entitled to a mistrial because the statement implies his guilt of an uncharged crime.

Although we recognize that a motion for mistrial is premature before a jury is impaneled and sworn, *Sharpe v. State*, 272 Ga. 684 (5) (531 SE2d 84) (2000); *Callaway v. State*, 208 Ga. App. 508 (2) (431 SE2d 143) (1993), Smith is not relieved of the requirement that timely corrective action must be requested to avoid a waiver. *Robertson v. State*, 268 Ga. 772, 775 (7) (493 SE2d 697) (1997). The proper remedial measure to correct the possible taint of the panel during voir dire is either a challenge to the poll or a motion for postponement to impanel other jurors who had not heard the remark. *Sharpe*, supra; *Callaway*, supra. While in both *Sharpe* and *Callaway*, a *premature* motion for mistrial was characterized as a challenge to the poll and was considered on its merits; here, the objection and motion for mistrial came too late. Accordingly, it presents nothing for this Court to review. *Robertson*, supra.

4. Smith asserts that the trial court erred in denying his motion for mistrial after the medical examiner who conducted the autopsy was permitted to testify that in his opinion the manner of death was a homicide. The basis for Smith's objection at trial was a lack of foundation to support the opinion. However, the witness was qualified,

---

[2] The juror was not chosen to sit on the panel and the panel was selected with the defense exercising all of its peremptory strikes well before this juror's potential for being chosen.

tendered, and admitted as an expert; therefore, he was permitted to give opinion testimony based on his observations during the autopsy, as well as on facts provided by other witnesses. OCGA § 24-9-67. The witness testified that his opinion as to the manner of death was based on the appearance of the wound, the path and course of the bullet, the presence of a laceration to the head of the victim, and the absence of a gun at the scene. Thus, the testimony was not without proper foundation.

Any complaint that the witness was permitted to testify to the ultimate issue in the case was not raised below and will not be considered on appeal. *Polke v. State*, 203 Ga. App. 306, 311 (7) (417 SE2d 22) (1992). But see *Medlock v. State*, 263 Ga. 246, 248 (3) (430 SE2d 754) (1993) (expert opinion testimony even as to the ultimate issue is admissible where the conclusion is beyond the ken of the average layman).

5. After the arresting officer testified that he found a "baggy containing what appeared to be marijuana" in Smith's possession at the time of his arrest, Smith moved for mistrial on the basis that the evidence improperly placed his character in issue. The trial court denied the motion and allowed the officer limited testimony as to the circumstances of the arrest.

Evidence that Smith possessed marijuana permeated the trial, even by his own admissions. His anger at his brother stemmed from the perception that his brother had stolen his marijuana. Thus, the jury reasonably could infer that this was the motive for the crime. Evidence relevant to motive is admissible even if it incidentally placed Smith's character at issue. *Cummings v. State*, 273 Ga. 547, 548 (2) (544 SE2d 429) (2001). In addition, the evidence of marijuana possession was relevant and material to the crime charged. It follows that the trial court did not abuse its discretion in failing to grant a mistrial. *Benford v. State*, 272 Ga. 348, 349 (3) (528 SE2d 795) (2000).

6. Similarly, the court did not err in admitting into evidence over objection on relevancy grounds, two exhibits consisting of "green leafy material" which were seized from Smith's residence and backyard during the execution of a search warrant. The suspected marijuana was clearly relevant to the issues on trial. See Division 5, supra. The admission of relevant evidence is favored unless the potential for prejudice substantially outweighs its probative value. *Ritter v. State*, 272 Ga. 551, 554 (3) (532 SE2d 692) (2000). Here, the trial court properly admitted the evidence and allowed the jury to determine its weight. See *Evans v. State*, 233 Ga. App. 879, 880 (3) (506 SE2d 169) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*David E. Morgan III*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.