## S04A1716. BILLINGS v. THE STATE.

(607 SE2d 595)

HUNSTEIN, Justice.

Appellant Leonard Billings was convicted of felony murder, armed robbery, burglary and possession of a firearm during the commission of a crime in connection with the shooting death of Michael Clay. The trial court sentenced him to life imprisonment on the felony murder conviction.[1] Billings appeals from the denial of his motion for new trial on various grounds. For the reasons that follow, we affirm in part and vacate in part.

1. The jury was authorized to find that appellant and co-indictee Jesus Figueroa went to Clay's apartment, knocked on the door, and when Clay answered, Figueroa shot Clay once in the chest and twice more in the shoulder and back with a .380 handgun as Clay attempted to flee. Appellant and Figueroa then entered the apartment

---

[1] The crimes occurred on August 24, 2001. A Houston County grand jury indicted appellant on October 2, 2001. He was found guilty on June 10, 2002 and sentenced to life imprisonment on the felony murder charge, a concurrent life term for armed robbery, a concurrent twenty year term for burglary and a consecutive five year term of imprisonment for the possession charge. His motion for new trial, filed on June 28, 2002, was amended on November 5, 2003 and denied on February 3, 2004. A notice of appeal was filed February 18, 2004. The appeal was docketed in this Court on June 23, 2004 and submitted for decision on the briefs.

and searched for drugs they believed were inside. After emptying the victim's pockets, they took a shotgun they found in a closet and ran from the apartment. Appellant sold the .380 to his cousin who later turned it over to police. Expert testimony established that the bullets recovered from Clay and the crime scene were shot from the gun sold by appellant.

We find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court properly sentenced appellant to life in prison for felony murder with armed robbery as the underlying felony. OCGA § 16-5-1 (d). However, the record reveals that rather than merge the armed robbery conviction into the felony murder conviction, see *Johnson v. State*, 254 Ga. 591 (4) (331 SE2d 578) (1985), the trial court sentenced appellant to a separate life sentence for armed robbery. Accordingly, while we affirm the felony murder, burglary, and firearm possession convictions, we vacate the armed robbery conviction.

2. Appellant contends the trial court denied him his right to question Figueroa in violation of the Fifth Amendment. We disagree. During trial, appellant attempted to call Figueroa as a witness. After the court was informed that Figueroa invoked his Fifth Amendment right not to testify, it determined that the questions to be asked would incriminate Figueroa and denied appellant's request to require Figueroa to take the stand. It is well-settled that

> "[i]f it appears that a witness intends to claim the privilege [against self-incrimination] as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him." [Cit.] . . . [O]ne reason for this rule is that reliable inferences do not ordinarily follow from a witness' invocation of the Fifth Amendment.

*Davis v. State*, 255 Ga. 598, 604 (7) (340 SE2d 869) (1986). Accordingly, the trial court did not err in refusing to allow appellant to question Figueroa.

3. Appellant argues the trial court erred in admitting his videotaped statement into evidence without proper foundation and because it was edited so as to omit statements showing his state of mind during the interview. One of the detectives who was present during appellant's statement testified that he reviewed the entire videotape prior to trial. His testimony clearly established that the videotape

shown to the jury was an authentic, albeit edited, copy of the videotape of appellant's statement to police. See *Hudson v. State*, 273 Ga. 124 (3) (538 SE2d 751) (2000). As for the statements omitted from the edited videotape, appellant was entitled to offer into evidence any relevant portion of the videotape not offered by the State but he failed to do so. See OCGA § 24-3-38 (when admission offered in evidence by one party, other party has right to have whole admission and all conversation connected therewith admitted). Accordingly, the trial court did not abuse its discretion in admitting the edited videotape. See *Oliver v. State*, 276 Ga. 665 (2) (581 SE2d 538) (2003).

4. Appellant contends the trial court erred in overruling his motion for mistrial after the videotape was played for the jury. Although he argues that several statements in the tape were prejudicial, the one issue preserved for appeal[2] is his contention that the detective improperly commented on his failure to testify when the detective referred to a time when appellant would take the witness stand. We find no merit in this enumeration of error. The transcript reveals that the detective's comment was neither manifestly intended to comment on his failure to testify nor was it of such character that it would prejudice the jury on his failure to testify. See *LeMay v. State*, 265 Ga. 73 (4) (453 SE2d 737) (1995). In context, the challenged statement merely reflected the detective's opinion that appellant's statements were not believable; as such it was unlikely that the jury interpreted it as a comment on appellant's failure to testify at trial. Even assuming the statement was an improper comment on appellant's failure to testify, considering that the comment did not appear intentionally designed to or likely to urge any negative inference, the context in which the comment was made, and the strength of the evidence against appellant, including his own statements, we conclude that any error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967); *Raheem v. State*, 275 Ga. 87 (7) (560 SE2d 680) (2002).

5. The trial court did not err in admitting into evidence a ski mask found during a search of appellant's car. Witnesses reported seeing one of the perpetrators running from the crime scene wearing a "stocking cap" on his head, which the trial court correctly determined is a term which could be used to describe a ski mask. The trial court properly admitted the evidence and allowed the jury to assess its weight. See generally *Smith v. State*, 276 Ga. 97 (6) (575 SE2d 450) (2003).

---

[2] Because the other asserted grounds for excluding portions of the videotape were not timely asserted at trial, appellant is procedurally barred from raising them on appeal. See *Watson v. State*, 278 Ga. 763 (604 SE2d 804) (2004); *Culler v. State*, 277 Ga. 717 (6) (594 SE2d 631) (2004).

6. We find no error in the amended verdict form. Although the insertion of language to avoid inconsistent verdicts was not required, see *King v. Waters*, 278 Ga. 122 (1) (598 SE2d 476) (2004), such language was legally correct and did not improperly influence the jury.

7. The trial court did not abuse its discretion in allowing the State to use a photograph of the victim in life during its opening statement. The photograph was admissible to prove the identity of the victim and was properly authenticated by the victim's roommate and admitted into evidence during trial. See *Cornell v. State*, 277 Ga. 228 (4) (587 SE2d 652) (2003). Moreover, appellant fails to demonstrate any prejudice from the State's use of such photograph.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*Rodney E. Davis*, for appellant.
*Kelly R. Burke, District Attorney, Amy E. Smith, Erika S. Johnson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.

