## A07A0473. QUARLES v. THE STATE.
(647 SE2d 415)

PHIPPS, Judge.

David Alan Quarles was convicted of committing several sexual offenses against C. C. between October 2001 and December 2004: aggravated sexual battery by penetrating the child's sexual organ with his finger, aggravated child molestation by placing his mouth upon her vagina, and child molestation by placing his fingers upon her vaginal area.[1] On appeal, Quarles argues that the state impermissibly injected his character in issue. Because the record demonstrates no reversible error, we affirm.

Quarles complains specifically of testimony elicited by the prosecutor on direct examination of a sheriff's office detective, who had been trained in identifying drugs and drug paraphernalia and who had supervised the sheriff's office drug unit for approximately six years. The detective testified that after arresting Quarles in connection with the instant case on May 3, 2005, he patted down Quarles's person and pulled from his pocket "a suspected methamphetamine glass pipe containing methamphetamine residue." The officer further testified that he had seen similar pipes during his investigations of other drug cases and described the one pulled from Quarles's pocket as "a glass pipe with the top of it drilled out where they place methamphetamines in the bottom of the pipe and heat it and smoke the fumes to get high."

At a bench conference, Quarles's attorney objected that the testimony pertained to Quarles's character and was not relevant. The prosecutor responded that circumstances of an arrest are always relevant, but that he would not probe the circumstances further. The court stated, "I don't think there's anything else you need to cover" relative to that matter.

Quarles contends on appeal that the evidence that he was in possession of an illegal drug at the time of his arrest should not have been presented to the jury, pointing out that

> the admission of evidence which shows the commission of another crime may not automatically be admitted solely on the basis that the evidence was incident to an accused's arrest where the evidence is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant.[2]

---

[1] OCGA §§ 16-6-4; 16-6-22.2 (b).

[2] *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000).

Rather, evidence of the circumstances connected with an accused's arrest is neither automatically prejudicial, nor automatically relevant; it is instead "subject to the same standard of relevancy and materiality applicable to other evidence."[3]

Pretermitting whether this evidentiary issue was preserved and accepting, arguendo, Quarles's contention that admission of the evidence was error under the standard cited above, we find such error harmless because the contested evidence was cumulative of other relevant evidence admitted against Quarles.

Before the detective so testified, C. C. gave testimony from which the jury could have inferred that Quarles used illicit drugs. She stated that starting about October 2001 and continuing until about October 2004, the month she turned 14, Quarles sexually abused her. She recounted that on about 15 occasions, Quarles had placed his finger inside her vagina; and once, he had placed his tongue inside her vagina. C. C. testified that she believed that Quarles had perpetrated these sexual acts against her partly because "he got on drugs really bad." This testimony by C. C. was relevant and admissible as "evidence of the entire res gestae of [the] crime[s] . . . even if the defendant's character [was] incidentally placed in issue"[4] and was admitted without objection.

Notably, another witness gave testimony without objection that authorized the jury to determine that Quarles used illicit drugs during the pertinent years. C. C.'s mother testified that Quarles had lived with her four years before marrying her in 2003. According to C. C.'s mother, Quarles "stayed gone all the time at night" during 2002 and 2003, and from the end of 2003 until February 2005, he did not live in her and her children's residence. C. C.'s mother cited as the reason Quarles was not at that residence: "the drugs that he got involved in."

Under these circumstances, we conclude that it is highly probable that the detective's testimony, even if error, did not contribute to the jury's verdicts.[5]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

---

[3] Id.

[4] *Corza v. State*, 273 Ga. 164, 166 (2) (539 SE2d 149) (2000).

[5] See *Appling v. State*, 281 Ga. 590, 592 (3) (642 SE2d 37) (2007); *Harris v. State*, 279 Ga. 522, 525 (3) (615 SE2d 532) (2005); *Malone v. State*, 219 Ga. App. 728, 730 (3) (466 SE2d 645) (1995); *Deal v. State*, 199 Ga. App. 184, 187-188 (4) (404 SE2d 343) (1991); see generally *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976) (setting forth "highly probable test" as standard for determining whether nonconstitutional error was harmless).

760

*Bandy & Stagg, Lawrence A. Stagg*, for appellant.
*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.