## A08A0723. HOOD v. THE STATE.
(663 SE2d 297)

ADAMS, Judge.

The trial court denied Raphael Hood's motion for new trial after he was convicted on one count of aggravated assault, and Hood appeals. As his sole enumeration of error, Hood argues that the trial court erred in denying his motion in limine to exclude evidence that he had marijuana in his possession at the time of his arrest. Because we find that the evidence was admitted for a proper purpose, or in any event was harmless error, we affirm.

The evidence at trial showed that on the evening of October 21, 2005, Hood drove his brother Ramone's gray Cadillac to a Smyrna apartment complex, where he had previously arranged to meet Virginia Glasper for the purpose of supplying her with a "nickel bag" of marijuana. When Glasper arrived at the complex, she saw Hood parked near the basketball courts. She spoke briefly with Hood and then went to wait for him by her brother's apartment because he said he needed to speak to one of his friends at the basketball court.

At about that time, Andre Lee pulled into the apartment complex with his uncle, Antonio Lee, and his cousin, Jewel Lamar Brown. They passed Hood sitting in the gray Cadillac near the basketball courts. Andre Lee turned his car around and parked near the Cadillac. Antonio Lee approached Hood's car, while Brown got out to talk to his girlfriend on the phone and Andre Lee remained in the car. Andre Lee and Brown suddenly heard a gunshot, and saw their uncle, Antonio Lee, slumped over the door of the Cadillac. Hood then stepped out of the Cadillac through the passenger side and shot Brown, grazing his right buttock, as he was trying to run away. When Brown tripped and stumbled, Hood shot at him again. That shot missed, and Brown and Andre Lee ran up the hill away from Hood, as Hood pursued, yelling at them. Hood then returned to his car and drove out of the complex. He was stopped and arrested a short time later.

Hood was indicted on one count of murder, one count of felony murder and three charges of aggravated assault. He asserted the

defense of justification for the shooting of Antonio Lee, and the jury acquitted him on the murder, felony murder and aggravated assault counts involving Antonio and Andre Lee. He was convicted only on the charge of aggravated assault against Brown.

On the first day of trial, Hood's attorney presented a motion in limine asking that the State be prohibited from presenting evidence that Hood had less than one ounce of marijuana in his possession at the time of his arrest. He argued that the evidence would be prejudicial to Hood as evidence of bad character and would serve no other legitimate purpose. The State argued, however, that evidence of Hood's drug possession was relevant to the murder charges against him. The prosecutor argued that Hood's possession of marijuana explained why Hood brought the gun to the apartment complex and why he was quick to shoot it when confronted by Antonio Lee. The State asserted that the jury could find that Hood was afraid that Lee was trying to take the drugs Hood had come to the apartment complex to sell. The trial court denied the motion holding that the circumstances of why Hood was at the apartment complex and his state of mind in having a gun with him were relevant to his response in shooting Lee and Brown. Hood asserts that it was error for the trial court to deny his motion.

In reviewing the denial of a motion in limine, this Court must construe the evidence most favorably to the upholding of the trial court's findings and judgment, and we cannot reverse a trial court's ruling absent an abuse of discretion. See *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000); *Thompson v. State*, 277 Ga. App. 323, 324 (2) (626 SE2d 825) (2006); *Berry v. State*, 274 Ga. App. 831, 833 (2) (619 SE2d 339) (2005). Applying this standard, we note that "evidence of the circumstances connected with an accused's arrest is neither automatically prejudicial, nor automatically relevant; it is instead subject to the same standard of relevancy and materiality applicable to other evidence." (Punctuation and footnote omitted.) *Quarles v. State*, 285 Ga. App. 758, 759 (647 SE2d 415) (2007). And "[e]vidence relevant to motive in a case is not rendered inadmissible simply because it incidentally puts a defendant's character into evidence." (Citation and punctuation omitted.) *Staten v. State*, 219 Ga. App. 536, 538-539 (3) (466 SE2d 20) (1995).

We find that evidence that Hood was in possession of marijuana was admissible in connection with his potential state of mind and motive in shooting Antonio Lee and Brown, even if it incidentally placed Hood's character into evidence. See *Adams v. State*, 272 Ga. 115, 116 (3) (527 SE2d 200) (2000) (evidence that defendant purchased cocaine after robbery relevant to motive for robbery and murder); *Benford v. State*, 272 Ga. at 350 (3) (evidence of crack cocaine in defendant's possession at time of arrest relevant to issue

of motive for murder). Such evidence could explain why Hood shot at Brown and the Lees, even though they were unarmed, and thus was relevant and material to the charges against him. See *Smith v. State*, 276 Ga. 97, 99 (5) (575 SE2d 450) (2003). The fact that the jury accepted Hood's defense of justification and acquitted him of the murder charge does not affect this analysis. The prosecution was entitled to present evidence relevant to the State's theory of the case, even if the jury ultimately rejected that theory.

In any event, we find that the admission of this evidence was harmless in light of the overwhelming evidence of Hood's guilt on the charge of aggravated assault. See *Benford v. State*, 272 Ga. at 350 (3). The evidence showed that Hood shot Brown once, then shot at him again after he stumbled. Hood did not deny shooting Brown. And other witnesses saw Hood pursuing Brown and Andre Lee. Accordingly, we find no abuse of discretion in the trial court's denial of Hood's motion in limine.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 12, 2008.

*Justin J. Wyatt*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.