## 31877. SUTTON v. THE STATE.

INGRAM, Justice.

The appellant, Ozzie Lee Sutton, and Alvin Gary Colbert were indicted by the DeKalb County Grand Jury on three counts of armed robbery. The coindictee, Colbert, entered a plea of guilty and testified against appellant at trial. Appellant was convicted on two of the counts of armed robbery and received two consecutive life sentences. The third count was not submitted to the jury. Appellant's amended motion for a new trial was denied and he appeals. We affirm.

The state's evidence showed that on October 11, 1974, two men entered the rental office of the Peachtree Garden Apartments asking for work. They were told to come back at another time. They left and then returned a few minutes later and robbed the office at gunpoint. There were four female employees in the office at the time who were forced to lie on the floor while the robbery took place. Three of the four employees identified appellant as one of the perpetrators of the robbery from a pre-trial photographic display and lineup, as well as at appellant's trial. Appellant's coindictee, who testified at the trial, also implicated appellant but recanted his testimony after the trial. Appellant did not testify at the trial.

Several enumerations of error contend that appellant was denied effective assistance of counsel on

various grounds. Appellant was represented by retained counsel at trial, but the DeKalb Public Defender's office was appointed to represent appellant on appeal after he filed a pauper's affidavit.

Appellant cites three instances in which his retained trial counsel's representation of him was allegedly ineffective. The first is trial counsel's failure to object or move for a mistrial when a police officer testified, unresponsively, to a question by the prosecuting attorney that an informant had advised another detective appellant was possibly wanted in connection with two other robberies. At that point, the prosecuting attorney interrupted the witness, the jury was temporarily dismissed from the courtroom, and the witness was admonished by the trial judge not to testify about any alleged involvement by appellant in other crimes. The second instance complained of on appeal is trial counsel's failure to call two witnesses who might have impeached the credibility of the prosecution witnesses who identified appellant. Testimony elicited at the hearing on appellant's motion for a new trial showed that appellant's trial counsel had interviewed these two witnesses before trial and that they had not given any evidence which would be useful in appellant's defense. The third complaint is based upon trial counsel's advice to appellant not to testify at trial. Appellant's trial counsel testified at the hearing on appellant's motion for new trial that he advised appellant not to testify at the trial because he feared that appellant's talkative nature would lead him into testimony concerning his character and would open the door to evidence of appellant's prior armed robbery convictions.

We do not think that appellant has shown any actual harm or prejudice resulting from his trial counsel's failure to object or move for a mistrial under the facts of this case. In the first place, the prosecuting attorney immediately interrupted the witness when the witness volunteered some introductory information amounting to hearsay about appellant's possible connection with other crimes. The jury was excused and the witness was instructed not to go into that information. The jury was then returned to the box and no further mention was made about the

matter. It may well be that appellant's trial counsel felt no harm was done to appellant in the context of these circumstances and that it was in the best interest of appellant for the trial to go forward without any further mention of the incident again to the jury, even through an admonishment by the trial judge to disregard it. In addition, the resulting error, if any, was harmless in view of the overwhelming evidence establishing appellant's guilt beyond any reasonable doubt even if the testimony of appellant's coindictee is disregarded. See Schneble v. Florida, 405 U. S. 427 (1972). " 'A defendant is entitled to a fair trial but not a perfect one,' for there are no perfect trials." Brown v. United States, 411 U. S. 223, 231 (93 SC 1565, 36 LE2d 208) (1973). As for the other two instances of alleged ineffective assistance of trial counsel, we find them completely without merit. See *Adams v. State,* 236 Ga. 468, 471 (224 SE2d 32) (1976).

Appellant also contends that the trial court erred in not granting his motion for new trial on the ground that the coindictee, Alvin Gary Colbert, subsequently recanted his testimony at trial that appellant committed the robbery. "A post-trial declaration by a state's witness that his former testimony was false is not a cause for a new trial. *Felton v. State,* 56 Ga. 84 [1875]; *Fowler v. State,* 187 Ga. 406 (1 SE2d 18)." *Richey v. State,* 132 Ga. App. 188 (207 SE2d 672) (1974).

We find no reversible error in this appeal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 14, 1977 — DECIDED FEBRUARY 8, 1977.

*Sidney A. Emeson, Sallie Rich Jocoy,* for appellant.
*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.