## A93A0202. JAMES v. THE STATE.
(433 SE2d 132)

COOPER, Judge.

Appellant was indicted for murder following the shooting death of the victim. The jury convicted appellant of voluntary manslaughter, and appellant appeals from the judgment of conviction and sentence. His two enumerations of error relate to the trial court's admission of similar transaction evidence.

The record reflects that in November 1990, appellant shot and killed the victim with a .410 gauge shotgun. More than one year prior to his trial, appellant filed a motion in limine seeking an order instructing the State to refrain from making any reference to appellant's prior conviction for involuntary manslaughter. During a hearing on the motion in limine, the prosecutor informed the court that appellant's prior conviction also resulted from appellant's shooting a man with a .410 gauge shotgun. The trial judge ruled that due to the great similarity between the offense for which appellant was on trial and the prior offense, the prior offense would be admissible to show "motive, opportunity, preparation, plan, all those sorts of things."

1. In his first enumeration of error, appellant contends that the trial court erred in admitting evidence relating to appellant's prior conviction for involuntary manslaughter because the State failed to comply with the notice requirements of Rule 31.3 of the Uniform Superior Court Rules. It is undisputed that the State did not file a notice pursuant to Rule 31.3. However, the State argues that it did not have to file a notice pursuant to Rule 31.3 because appellant had sufficient notice of the facts surrounding the prior conviction and because the trial court determined the admissibility of the evidence at the hearing on appellant's motion in limine more than one year prior to the trial. Thus, the State argues that it substantially complied with the requirements of Rule 31.3 and that no harm resulted from the technical failure to file the Rule 31.3 notice.

The purpose of Rule 31.3 "is to provide a criminal defendant with fair and adequate notice of the State's intention to utilize evidence of prior similar transactions so that questions as to the admissibility of such evidence can be resolved before trial." *Sweatman v. State*, 181 Ga. App. 474 (1) (352 SE2d 796) (1987). "The rule clearly presupposes that the State's failure to comply with the rule will result in harm to the defendant by failing to give him adequate notice of the similar transactions sought to be used by the State. Consequently, non-compliance with the rule puts the burden on the State to prove

that its violation of the rule's requirements did not harm the defendant. However, the State can avoid the consequences of its failure to adhere to the rule by showing that the defendant had the requisite notice in spite of the State's failure." *Todd v. State,* 189 Ga. App. 538, 539 (1) (376 SE2d 917) (1988). Although the State did not comply with the rule by filing written notice of its intention to introduce similar transaction evidence, the transcript from the hearing on appellant's motion in limine reveals that a showing was made as to the similarities between the two offenses and that the judge made a finding before the trial that there was sufficient similarity between the two offenses and ruled on the purposes for which the similar transaction evidence would be admitted. Thus, we conclude that appellant had the requisite notice to satisfy the purpose of the rule and the trial court did not err in ruling that the evidence was admissible in the absence of the Rule 31.3 notice.

2. In his second enumeration of error, appellant contends that the trial court erred in allowing the similar transaction evidence to be admitted during the rebuttal phase of the trial. Although the trial court ruled that the similar transaction evidence was admissible, the State did not introduce the evidence during its case in chief. However, after appellant had rested his case, the prosecutor informed the court that in rebuttal, he intended to introduce appellant's prior conviction for involuntary manslaughter. Appellant objected on the grounds that the State had not given notice pursuant to Rule 31.3 and because the evidence should have been introduced during the State's case in chief. The State contended the evidence was admissible in rebuttal because appellant opened the door by presenting evidence of the victim's prior conviction for murder and the evidence of appellant's prior conviction was to rebut appellant's claim that he killed the victim in self-defense. The trial court admitted the State's rebuttal evidence and subsequently allowed appellant to testify in surrebuttal. " '[W]hether the State should be permitted to introduce . . . evidence after the defendant has closed his testimony, even if it was not strictly in rebuttal, (is) a matter resting in the sound discretion of the court.' [Cit.]" *Smith v. State,* 260 Ga. 746, 748 (1) (399 SE2d 66) (1991). Having reviewed the facts of this case, we cannot conclude that the trial court abused its discretion in admitting appellant's prior conviction as rebuttal evidence.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 24, 1993.

*J. Philip Carr,* for appellant.

*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney,* for appellee.