A94A0844. HOOKS v. THE STATE.
(443 SE2d 532)

BIRDSONG, Presiding Judge.

John Wesley Hooks was indicted and convicted for burglary and criminal attempt to commit aggravated sodomy. The evidence showed that he entered his sister-in-law's trailer through a window after she was asleep and, on her awakening, threatened to tie her up and take her into the woods. He had brought duct tape and wrapped it "around" the victim's mouth and her wrists, and he had a knife and told her he would kill her. He tried to force her to perform oral sex after removing the tape, but she started screaming; appellant put his hand to her mouth and cut her gums with his fingernail. Then he panicked and asked to be let out of the trailer. The same type of duct tape as appellant used on the victim was found in his truck. The victim waited 20 minutes to call police before pressing this charge against her brother-in-law, and when police arrived she was crying and hysterical, and had an injury with blood on her mouth. *Held*:

1. Appellant contends the trial court erred in allowing evidence of his 1973 guilty plea to a brutal kidnapping and rape of a woman who was traveling the interstate when she had a tire blowout. Appellant says that incident is not "similar" to this case so as to be an admissible similar transaction. We find that the facts admitted as to the 1973 crime were not only "similar" as to certain details, particularly the threat of kidnapping and the violence used by appellant to attempt sodomy, but it moreover has a "sufficient connection" to these charges to be relevant and probative. The evidence was admissible under *Williams v. State*, 261 Ga. 640 (409 SE2d 649). See also *Johnson v. State*, 242 Ga. 649, 653 (250 SE2d 394) and *Oller v. State*, 187 Ga. App. 818, 821 (371 SE2d 455), concerning the liberality with

which evidence of prior sexual offenses is treated as proof of tendency and intent. The length of time between the crimes is not controlling, particularly since appellant was in prison most of that time. *Childs v. State*, 202 Ga. App. 488, 489 (414 SE2d 714); *Miller v. State*, 165 Ga. App. 487, 489 (299 SE2d 174).

2. Appellant contends the trial court erred in admitting sworn testimony given by the victim in the 1973 rape case, as it was hearsay.

The State's evidence showed that the 1973 victim was a resident of Detroit, Michigan. Despite the fact that the Cook County, Georgia, police did not have her social security number or other such information, the State knew she had been married to a serviceman in 1973 and the police tried, unsuccessfully, to locate her through her husband's military service records. The evidence admitted was not hearsay as it was her sworn testimony at the 1973 plea hearing, where appellant was present and had the opportunity to cross-examine her. *Knight v. State*, 210 Ga. App. 63, 65-67 (435 SE2d 276). The trial court did not abuse its discretion in determining that the witness was inaccessible. See *Thomas v. State*, 192 Ga. App. 744 (1) (386 SE2d 402).

3. Underlying these enumerations is appellant's contention that the victim is lying and that he did not commit these crimes. Evidence properly admitted shows that appellant imposed sex on the victim soon after he married her sister about 25 years ago. These assaults began when the victim was 12 and continued until she was 15, when she left home. Her family did not believe her then and accused her of "throwing herself" at appellant. Appellant then pleaded guilty to a vicious kidnapping and rape in 1973 against a stranger; nevertheless, the family pressure against this victim was so distressful that after she reported his attempt to commit the same vicious acts against her, she committed shoplifting, hoping this would prevent her from testifying at this trial. Although her family did not believe her, an impartial jury did. Appellate courts do not weigh the evidence or determine the credibility of the witnesses, for the jury has already done that; on appeal, we construe the evidence in favor of the jury's findings and determine only whether the evidence is sufficient to support the verdict. The evidence is amply sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); see *Lucas v. State*, 192 Ga. App. 231, 233 (384 SE2d 438).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 12, 1994.

*Jesse W. Owen, L. Clark Landrum,* for appellant.
*C. Paul Bowden, District Attorney, Gary C. McCorvey, Assistant*

*District Attorney,* for appellee.

