## A95A1236. TENANT v. THE STATE.
### (462 SE2d 783)

RUFFIN, Judge.

John Ray Tenant was charged in a five-count indictment with false imprisonment, aggravated sodomy, and rape against one female victim on July 10, 1993, and with kidnapping and criminal attempt to commit aggravated sodomy against another female victim on October 22, 1993. The two incidents were severed for trial, and the latter charges, at issue in this appeal, were tried first. The jury acquitted Tenant of kidnapping but convicted him of criminal attempt to commit aggravated sodomy. Tenant appeals following the denial of his motion for new trial. For reasons which follow, we affirm.

The evidence at trial showed that one evening, as the victim was walking home, Tenant grabbed her and threw her into his car. Tenant began hitting the victim in the face and telling her she was going to perform oral sex on him and that they were going to have anal intercourse. Tenant started driving and at some point tore the victim's dress from her. When he stopped the car, the victim saw the lights of a police car behind them. The victim then got out of the car and ran back to the police car screaming "rape."

At trial, the State presented the other victim's testimony as evidence of a similar transaction. At a pretrial hearing on the admissibility of the similar transaction, the presiding judge stated that the evidence might be admissible but did not make a final ruling. Immediately before the trial began, the trial court again addressed the admissibility of the similar transaction, and after a proffer of the testimony, the court ruled it admissible.

1. In his first three enumerations of error, Tenant contests the sufficiency of the evidence. Tenant argues that because there were in-

consistencies in the victim's statements to the arresting officer, no rational trier of fact could have found him guilty of criminal attempt to commit aggravated sodomy.

"Appellate courts do not weigh the evidence or determine the credibility of the witnesses, for the jury has already done that; on appeal, we construe the evidence in favor of the jury's findings and determine only whether the evidence is sufficient to support the verdict. The evidence is amply sufficient to enable a rational trier of fact to find [Tenant] guilty of the offense charged beyond a reasonable doubt. [Cits.]" *Hooks v. State*, 212 Ga. App. 878, 879 (3) (443 SE2d 532) (1994) (citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)).

2. Tenant contends the trial court erred in allowing the similar transaction evidence because it was ruled inadmissible at the pretrial hearing. Tenant argues he was prejudiced by the State's failure to give written notice of its intent to have the trial court reconsider its initial ruling. However, the record does not support Tenant's underlying assertion that the trial court initially held that the testimony was inadmissible. Rather, it appears that a presiding judge initially reserved ruling on the evidence. At the second hearing before the judge to whom the case was assigned for trial, Tenant even acknowledged that at the first hearing the presiding judge said he would leave the decision to the trial judge.

Furthermore, "[t]he purpose of [Uniform Superior Court] Rule 31.3 'is to provide a criminal defendant with fair and adequate notice of the State's intention to utilize evidence of prior similar transactions so that questions as to the admissibility of such evidence can be resolved before trial.' [Cit.]" *James v. State*, 209 Ga. App. 182 (1) (433 SE2d 132) (1993). Because it is undisputed that prior to the first hearing Tenant had notice of the State's intention to use the evidence and he was fully aware of how the court intended to address the State's motion, Tenant was not harmed by the lack of any subsequent notice. See id.

Finally, Tenant never objected to not having notice of the second hearing, did not object to the trial court's ruling of admissibility, and did not object when the evidence was offered at trial. Under these circumstances, Tenant waived any claim of error. See *Phillips v. State*, 215 Ga. App. 526, 527 (4) (451 SE2d 517) (1994).

3. Tenant contends the trial court improperly charged the jury that he was accused of criminal attempt to commit *sodomy* instead of criminal attempt to commit *aggravated* sodomy. The record shows that at the beginning of the court's charge, the trial judge stated as follows: "What we have been trying today is a case that was indicted by the Grand Jury of this County where the State charged Mr. John Ray Tenant with the charges of kidnapping and criminal attempt to

commit sodomy." It is upon this sole inaccuracy that Tenant bases his assertion of error. The record shows however, that subsequent to that initial statement, the judge read the indictment, correctly stating that Tenant was accused of criminal attempt to commit *aggravated* sodomy, and that all subsequent references to the charged offense were correctly stated.

"A mere verbal inaccuracy in a charge resulting from a palpable 'slip of the tongue,' which clearly could not have misled or confused the jury, is not reversible error. A mere slip of the tongue is considered harmless when considered in the light of the entire charge." (Citations and punctuation omitted.) *Sanders v. State*, 257 Ga. 239, 243 (6) (357 SE2d 66) (1987). Considering the fact that the court correctly and repeatedly instructed the jury that Tenant was charged with criminal attempt to commit aggravated sodomy and the fact that the trial judge sent the indictment out with the jury, we conclude that the court's misstatement was harmless. Moreover, sodomy is a lesser specie of the offense than aggravated sodomy; hence, Tenant was not prejudiced.

4. Tenant contends he was denied effective assistance of counsel in that his attorney (a) failed to make an opening statement; (b) failed to move for a mistrial after a prosecution witness stated Tenant was on parole; (c) failed to make certain inquiries during cross-examination; (d) failed to move for a directed verdict of acquittal; (e) failed to request jury charges; (f) failed to investigate the case; and (g) had a conflict of interest.

"In order to demonstrate ineffective assistance of counsel, a criminal defendant must show that trial counsel's performance was deficient, and that the deficient performance prejudiced the defense, i.e., that there was a reasonable probability that, but for trial counsel's unprofessional errors, the outcome of the case would have been different. [Cits.] Trial strategy and tactics do not equate with ineffective assistance of counsel. [Cit.]" *Hayes v. State*, 211 Ga. App. 801, 802 (1) (440 SE2d 539) (1994) (citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)). However, we will address each assertion individually.

(a) "Waiver of opening statement is a matter of trial strategy that does not equate to ineffective assistance. [Cit.]" *Sanders v. State*, 211 Ga. App. 859, 862 (1) (440 SE2d 745) (1994).

(b) The record shows that a prosecution witness stated that Tenant was on parole, Tenant's trial counsel objected to the statement, and the trial court sustained the objection. However, because Tenant's trial counsel did not testify at the hearing on the motion for new trial, we cannot conclude that the failure to move for a mistrial was not a matter of trial strategy. Trial counsel may have felt that no harm was done to Tenant in the context of the testimony and that

after the court sustained his objection, it was in Tenant's best interest for the trial to go forward without any further mention of the incident to the jury. See *Sutton v. State*, 238 Ga. 336 (232 SE2d 569) (1977). Furthermore, any resulting error from the failure to request a mistrial was harmless in light of the other evidence in the case and the fact that the jury had before it properly admitted evidence of a previous rape conviction. See id.

(c) Decisions on whether and how to conduct cross-examination were strategic and tactical decisions within the exclusive province of trial counsel, and Tenant has failed to show how this tactical decision on the part of his counsel could have changed the outcome of the case. See *Wright v. State*, 211 Ga. App. 474 (5) (440 SE2d 27) (1993). Accordingly, this contention is without merit.

(d) Tenant's assertion that his trial counsel was ineffective because he failed to move for a directed verdict is without merit. Because we concluded in Division 1 that there was sufficient evidence to sustain Tenant's conviction, "a motion for directed verdict of acquittal would have been futile, and the failure to do so in no way constituted a deficient performance." *Hayes*, supra at 803.

(e) Neither can trial counsel's failure to request jury charges be considered ineffective assistance. Tenant has not shown that the charges given to the jury were deficient or that the failure to request specific charges prejudiced his defense. See *Davis v. State*, 209 Ga. App. 187, 190 (6) (433 SE2d 366) (1993). Thus, we find no merit in this contention.

(f) Tenant's assertion that his trial counsel failed to investigate the case is not supported by the record. Considering the totality of the representation provided by counsel, including the fact that he obtained an acquittal on the kidnapping charge, we find nothing, and Tenant has pointed to nothing, supporting this assertion. See id.

(g) Finally, the record fails to establish that Tenant was denied effective assistance of counsel due to a conflict of interest. " 'When conflict of interest is raised in a post-conviction proceeding, the petitioner must show actual conflict which caused his counsel's performance to be adversely affected. [Cits.]' [Cit.]" *Young v. State*, 217 Ga. App. 144, 148 (2) (456 SE2d 733) (1995). The record shows that at the presentence hearing, Tenant told the court that trial counsel "was representing one of my sisters in litigation against me. That's what I been trying to get him, you know, that I just don't feel he represented me adequate [sic]." Trial counsel responded that the matter at issue involved the estate of Tenant's mother and that he represented Tenant's sister in a case against the administrator of the estate. The trial court found no conflict. Under these circumstances, Tenant has not shown that any actual conflict existed. Moreover, there is absolutely nothing to indicate that any potential conflict adversely affected his

trial counsel's performance. Accordingly, this enumeration is without merit.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 2, 1995.

*Jeffrey S. Bowman*, for appellant.
*Daniel J. Craig*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, for appellee.