## A96A2539. KING v. THE STATE.
(480 SE2d 385)

BIRDSONG, Presiding Judge.

Phillip King appeals his conviction for two counts of sale of cocaine. He was one of several persons charged with drug offenses over a period of time and arrested in a "sweep." *Held*:

1. In three enumerations of error, appellant asserts the general grounds, to wit: that the evidence is insufficient to support the verdict. The evidence shows that two undercover drug agents testified they bought cocaine from appellant on two occasions on November 15, 1993 and March 18, 1994, and at the same location. The first time they bought cocaine from appellant on November 1993 the sale was not videotaped, but the agents testified the cocaine seller (identified as appellant) depicted in a videotape of the second sale in March 1994 was the same person who had sold them cocaine four months earlier. Both undercover agents positively identified appellant at trial as the person who sold them cocaine in November 1993 and March 1994. The credibility of witnesses and the weight to be given the evidence is the sole province of the jury. *Hooks v. State*, 212 Ga. App. 878 (3) (443 SE2d 532); *Herndon v. State*, 187 Ga. App. 77, 78 (369 SE2d 264). We have reviewed the evidence in this case and find it sufficient to persuade a rational trier of fact of appellant's guilt on both charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred in allowing the State to exercise peremptory challenges against four black jurors over defense counsel's *Batson* objection. Appellant contends that reversible error appears in the fact that the qualified venire of jurors con-

sisted of ten blacks and twenty-six whites and the State used four of its five strikes against black persons, with the result that the trial jury consisted of five blacks and seven whites. Especially considering that the ratio of black jurors (five) to white jurors (seven) was far greater than the ratio of potential black jurors (10) to potential white jurors (26), appellant has not made out a prima facie case of purposeful racial discrimination in the jury selection, in the totality of the relevant facts. *Batson v. Kentucky*, 476 U. S. 79, 94 (106 SC 1712, 90 LE2d 69), cited in *Gamble v. State*, 257 Ga. 325 (357 SE2d 792). In any case, even assuming the facts raised a prima facie indication of discrimination, we do not find clearly erroneous the trial court's finding that the State's strikes were racially neutral. See *Sorrells v. State*, 218 Ga. App. 413, 414 (461 SE2d 904). Appellant questions the reasons for the State's strikes against only two of those four black persons. The State had charged several persons with sale of cocaine in addition to appellant, and one of those persons sat in the courtroom during appellant's trial; of the two prospective jurors brought in issue by appellant, one knew other persons who were charged with sale of cocaine by the State, and one was a friend of the defendant's grandmother.

3. Appellant contends the trial court erred "in refusing to suppress unreliable identification evidence obtained from the witness after exposure to identification procedures which were unnecessarily suggestive some eleven (11) months after the alleged identification occurred." Specifically, appellant refers to testimony that the agents did not have a "name" to put on the person from whom they had bought cocaine in November 1993 until appellant was videotaped selling cocaine to the agents in March 1994 and was identified by them as the same person who sold them cocaine on the November 1993 occasion. As appellant did not object to this identification process at trial, any error was not properly preserved. See *Scott v. State*, 243 Ga. 233, 234 (253 SE2d 698).

4. Likewise, as to appellant's complaint that the videotape of the March 1994 sale was shown in the jury room, no objection was made at trial and cannot be made for the first time on appeal. Id.

5. Appellant concedes he made no objections to the trial court's charge and he therefore presents nothing for us to review.

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 29, 1997.

*Frank T. Bell*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.