A12A0604. MANUEL v. THE STATE.
(727 SE2d 246)

BARNES, Presiding Judge.

The State presented evidence that Corey Manuel shot the victim in the head, and the jury thereafter convicted him of aggravated battery, aggravated assault, and possession of a firearm during the commission of a felony. On appeal from the judgment of conviction, Manuel contends that the trial court erred in admitting testimony that, at the time of his arrest, he had a handgun on his person. He further contends that his trial counsel rendered ineffective assistance. For the reasons discussed below, we affirm, but remand to the trial court for a determination of Manuel's ineffectiveness claim.

"On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict." *Smith v. State*, 279 Ga. App. 211 (630 SE2d 833) (2006). So viewed, the evidence showed that Manuel and Cedric Clayton were former friends who had a "falling out." On July 2, 2008, Manuel, accompanied by several of his friends, confronted Cedric in the parking lot outside Cedric's apartment. Cedric's brother, Daniel Clayton, followed Cedric into the parking lot, "pulling [him] back, telling [him] to chill." Neither Cedric nor Daniel was armed.

As Manuel and Cedric argued in the parking lot, Manuel pulled out a handgun from the right rear pocket of his pants. Manuel kept raising the gun toward the Claytons and lowering it during the argument. Ultimately, Manuel raised the gun and shot at Cedric twice, missing both times. He shot at Daniel three times, and one of the shots struck Daniel behind the left ear, causing permanent hearing damage and other problems. Daniel fell to the ground, and Manuel and his friends fled from the scene.

On July 21, 2008, the police fugitive squad arrested Manuel at his mother's house. At the time of his arrest, Manuel was searched. The police seized a handgun from the right rear pocket of his pants. The gun was not the same handgun used in shooting Daniel.

1. Manuel contends that the trial court erred in admitting testimony that, at the time of his arrest by the police fugitive squad, he had a handgun in the right rear pocket of his pants. Manuel argues that the testimony that he had a handgun at the time of his arrest was wholly irrelevant and constituted improper character evidence because ballistics testing revealed that it was not the same handgun used in the shooting for which he was charged.

"As a general rule, the circumstances connected with a defendant's arrest are admissible, even if such circumstances incidentally place the defendant's character in issue." *Nichols v. State*, 282 Ga. 401, 403 (2) (651 SE2d 15) (2007). Nevertheless, "such evidence is subject to the same standard of relevancy and materiality applicable to other evidence," the admission or exclusion of which lies within the sound discretion of the trial court. *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000). And the trial court abuses its discretion in admitting evidence of the circumstances surrounding the defendant's arrest if "the evidence is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant." Id.

Under the circumstances of this case, the trial court acted within its discretion in admitting evidence that Manuel had a handgun in the right rear pocket of his pants at the time of his arrest, even though the handgun was not the same gun used in the shooting of the victim. There was eyewitness testimony at trial that when Manuel shot the victim, he pulled a handgun from the right rear pocket of his pants. The fact that, at the time of his arrest for shooting the victim, Manuel was carrying a handgun in precisely the same location and manner on his person was relevant to the issue of his identification as the shooter in this case and thus was not "wholly unrelated" to the charged crimes. See *Simmons v. State*, 251 Ga. App. 682, 684 (1) (555 SE2d 59) (2001) (circumstances of arrest were admissible, where arrest was for the crime for which defendant was on trial, the defendant possessed a handgun at the time of arrest, and a handgun was used in the charged crime); *Bogan v. State*, 206 Ga. App. 696, 697 (1) (426 SE2d 392) (1992) (circumstances of arrest were admissible, where they corroborated the victim's version of events and were "relevant as to the issue of identification").

Furthermore, Manuel's arrest for the charged crimes occurred less than three weeks from their commission. Thus, his arrest was not so remote in time from those crimes as to render the otherwise

relevant evidence of the handgun automatically inadmissible. See *Simmons*, 251 Ga. App. at 684 (1) (arrest occurred five months after the charged crimes); *Nealy v. State*, 246 Ga. App. 752, 753 (1) (542 SE2d 521) (2000) (arrest occurred 26 days after the charged crime).

For these reasons, the trial court did not err in ruling that testimony about the handgun seized from Manuel at the time of his arrest was admissible. Manuel's convictions, therefore, are affirmed.

2. Manuel also contends that he received ineffective assistance from his trial counsel. According to Manuel, his trial counsel was ineffective for failing to investigate and procure additional eyewitnesses and use their testimony to support a justification defense on his behalf.

Manuel retained new counsel after the time for filing a motion for new trial had passed and after a notice of appeal had been filed by his trial counsel. Consequently, the instant appeal is the earliest practicable moment for Manuel to raise his ineffectiveness claim. See *Forsman v. State*, 239 Ga. App. 612, 615 (8) (521 SE2d 410) (1999); *King v. State*, 238 Ga. App. 575, 577 (4) (519 SE2d 500) (1999). The case, therefore, is remanded to the trial court for a hearing and determination on Manuel's claim that his trial counsel rendered ineffective assistance, with the right in Manuel to appeal that ruling. See *Russell v. State*, 267 Ga. 865, 868 (4) (485 SE2d 717) (1997); *King*, 238 Ga. App. at 577 (4). Compare *Forsman*, 239 Ga. App. at 615 (8) (remand unnecessary if the issue of ineffectiveness can be decided on the existing record).

*Judgment affirmed and case remanded with direction. Adams and McFadden, JJ., concur.*

DECIDED APRIL 12, 2012.

*Ashleigh B. Merchant*, for appellant.

*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.