FINAL COPY
294 Ga, 521

S13A1428. HANES v. THE STATE.

MELTON, Justice.

Following a jury trial, Mario Antwan Hanes was found guilty of malice murder and aggravated assault in connection with the shooting death of Monterrance Thomas and the shooting injury of Michael Stewart, respectively.[1] On appeal, Hanes contends that the trial court erroneously permitted the

---

[1] On September 8, 2010, Hanes was indicted for malice murder, theft by receiving stolen property, two counts of felony murder (predicated on possession of a firearm by a convicted felon), two counts of aggravated assault, and possession of a firearm by a convicted felon. The charges for theft by receiving stolen property and both counts of possession of a firearm by a convicted felon were nolle prossed. Following a March 21-25, 2011 jury trial, Hanes was found guilty on all charges and sentenced to life imprisonment for malice murder and twenty consecutive years for aggravated assault. The convictions for felony murder were vacated by operation of law, Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the convictions for aggravated assault were merged for purposes of sentencing. Hanes filed a timely motion for new trial on April 19, 2011. On April 25, 2012, new appellate counsel filed an amended motion including ineffective assistance of counsel claims. That motion was further amended on May 4, June 15, and October 12, 2012. Following a hearing on October 12, 2012, the trial court denied the motion for new trial on January 29, 2013. Hanes filed a timely notice of appeal on February 25, 2013. The appeal was docketed in this Court for the September 2013 Term and submitted for decision on the briefs.

admission of similar transaction evidence from a 2009 traffic stop and improperly denied his motion to suppress evidence of a handgun recovered during Hanes's 2010 arrest for the crimes related to this matter. Hanes further contends that his trial counsel rendered ineffective assistance by failing to object to the admission of the 2009 similar transaction evidence and by failing to request a limiting instruction or jury charge concerning his convicted felon status. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that, on April 1, 2010, Thomas and Stewart pulled into the parking lot of an AutoZone store, where Hanes was shopping. Testimony indicated that Thomas and Hanes had a prior dispute because Thomas believed that Hanes had stolen a notebook computer from him that contained software for recording rap music. After parking, Stewart approached the store window, looked inside, then returned to Thomas's car to retrieve a baseball bat. Hanes exited the store as Thomas and Stewart approached. Hanes pulled a gun from under his shirt and shot Thomas in the chest at close range. As Stewart ran away, Hanes shot him in the arm, and the bullet ultimately lodged in Stewart's side. Hanes immediately fled, Thomas died at the scene, and Stewart, who survived, refused

2

to cooperate with authorities. The shooting was captured by the store's surveillance camera, and a store clerk identified Hanes as the shooter. The fatal bullet recovered from Thomas's chest was determined to have been shot from a .45 caliber Taurus pistol.

Hanes was arrested on June 16, 2010. During the arrest, a .45 caliber Taurus pistol was recovered within his reach; however, this gun was later ruled out as the possible murder weapon. In addition to this evidence, the State introduced a 2009 similar transaction in which Hanes fled on foot from a traffic stop after a Taurus .9mm pistol was found in the car that he was driving.

This evidence was sufficient to enable a rational trier of fact to find Hanes guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Hanes contends that the trial court erroneously denied his motion to suppress similar transaction evidence regarding the 2009 traffic stop in which a Taurus .9mm pistol was found in his car. We disagree.

For the admission of similar transaction evidence, the State must show that

(1) it seeks to introduce the evidence not to raise an improper

inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) there is sufficient evidence to establish that the accused committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Punctuation omitted.) Moore v. State, 290 Ga. 805, 807 (2) (725 SE2d 290)

(2012) (quoting Williams v. State, 261 Ga. 640, 642 (409 SE2d 649) (1991)).

When reviewing the trial court's factual findings regarding whether the state satisfied the [Williams] three-prong test . . . we apply the "clearly erroneous" standard [of review]. The decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. [Cit.]

Matthews v. State, 294 Ga. 50, 52 (3) (a) (1) (751 SE2d 78) (2013).

The trial court did not abuse its discretion in concluding that the similar transaction evidence satisfied the Williams test in this case. First, the evidence was offered to prove course of conduct or bent of mind. "[P]ermitting evidence of a similar prior incident involving the defendant in order to show the defendant's course of conduct or bent of mind is a legitimate and proper

4

purpose." Holloman v. State, 291 Ga. 338, 342 (6) (729 SE2d 344) (2012).[2]

Second, Hanes stipulated to the fact that he was a convicted felon at the time of the 2009 crime of possession of a firearm, and, in any event, the State properly showed that Hanes committed the act. Finally, there was sufficient similarity to admit the evidence. In 2009, Hanes was found to be in possession of a firearm similar to the type used to commit the murder in this case. As such, the 2009 crime was relevant to prove course of conduct relative to the 2010 crime of felony murder which was predicated on a count of possession of a firearm by a convicted felon. See Duprel v. State, 301 Ga. App. 469 (1) (687 SE2d 863) (2009).

Hanes also contends that he received insufficient notice of the State's intent to use the similar transaction. The record shows that the State indicted Hanes, discovered errors in the indictment, and then re-indicted Hanes a second

---

[2] This analysis is applicable because Georgia's old Evidence Code is applicable to this case. Georgia's new Evidence Code, which applies to trials conducted after January 1, 2013, see Ga. L. 2011, p. 99, § 101, allows admission of "evidence of other crimes, wrongs, or acts" for purposes "including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." OCGA § 24-4-404 (b).

time. Under the original indictment, the State filed notice of its intent to use the similar transaction pursuant to Uniform Superior Court Rule (USCR) 31.1, and a hearing was conducted pursuant to USCR 31.3. At that time, the trial court entered a ruling that the similar transaction evidence was admissible. Subsequently, the original indictment was dismissed, and Hanes was re-indicted. Under the new indictment, the trial court, sua sponte, adopted its rulings based on the hearings associated with the original indictment. Hanes now contends that this was error. Specifically, he contends that, under the new indictment, the State was required to re-file its notice of intent and that the trial court was required to hold another hearing. Hanes argues that, in the absence of these procedural steps, he was deprived of sufficient notice pursuant to USCR 31.1. Hanes is incorrect.

The record is clear that Hanes was on notice of the similar transaction evidence. In addition to the testimony of Hanes's trial counsel that she fully expected that the State would be eliciting evidence regarding the similar transaction, Hanes had actively participated in the prior similar transaction hearings and was fully aware of the similar transaction evidence the State intended to use against him at trial. Even if there were procedural error, there

was no harm, as it is clear that the notice given to Hanes was sufficient to satisfy the purpose of the rule. See James v. State, 209 Ga. App. 182 (1) (433 SE2d 132) (1993).

3. Hanes contends that the trial court also erroneously denied his motion to suppress a .45 caliber Taurus pistol and ammunition found within Hanes's reach at the time of his arrest for Thomas's murder. In general, a "trial court abuses its discretion in admitting evidence of the circumstances surrounding the defendant's arrest if 'the evidence is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant.' " (Citation omitted.) Manuel v. State, 315 Ga. App. 632, 633 (1) (727 SE2d 246) (2012). Otherwise, admission of such evidence is within the trial court's discretion. Id. at 633-634. We accept the factual findings of the trial court unless they are clearly erroneous, and review the trial court's decision to admit the evidence recovered from Hanes's arrest only for abuse of discretion. Reed v. State, 291 Ga. 10 (3) (727 SE2d 112) (2012). The .45 caliber pistol seized at the time of Hanes's arrest was largely identical to the murder weapon in size, style, and brand. This evidence is both probative of the general circumstances of Hanes's arrest and highly relevant to

the murder and aggravated assault, which were committed with a similar weapon. Here, the trial court's ruling was not clearly erroneous, and there was no apparent abuse of discretion in denying the defense's motion to suppress. Id.

4. Hanes contends that his trial counsel rendered ineffective assistance by (a) failing to object to the admission of the similar transaction evidence on the basis that the State and trial court failed to follow the procedural requirements, thereby causing Hanes to receive insufficient notice; and (b) failing to request a limiting instruction regarding the jury's consideration of the fact that Hanes was a convicted felon.

> In order to succeed on his claim of ineffective assistance, [Hanes] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). When applying

8

the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, supra, 466 U. S. at 689 (III) (A).

(a) As discussed in Division 3, supra, the trial court did not err by admitting the similar transaction evidence, and Hanes did not suffer the harm he now claims — namely that he had insufficent notice of the similar transaction evidence. Therefore, had Hanes's counsel made the objection based on notice he contends that she should have, the objection would lack merit, as there was sufficient notice. Wesley v. State, 286 Ga. 355 (3) (a) (689 SE2d 280) (2010) (failing to raise a meritless objection does not constitute ineffective assistance of counsel).

(b) Hanes contends that his trial counsel rendered ineffective assistance by failing to request a limiting instruction or jury charge concerning his convicted felon status, both at the time of his 2009 crime and the time of the crimes which are the subject of the current appeal. Specifically, Hanes argues that the jury was possibly influenced to find him guilty based upon evidence of his prior felony conviction and general bad character. The record, however, shows that Hanes stipulated to his status as a convicted felon for the specific purpose of keeping the nature of his prior conviction from the jury. In this way,

the stipulation benefitted Hanes, because the jury did not know the nature of the prior conviction, and, as a result, could not consider it for the purposes which Hanes now complains. This stipulation method is actually advocated in Ross v. State, 279 Ga. 365, 368 (2) (614 SE2d 31) (2005), to protect the defendant. In addition, Hanes has not identified any case law supporting the instruction he espouses, and he has failed to show how, under the circumstances of his stipulation, he has been harmed. As a result, his contention fails. See Strickland, supra.

Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in judgment only as to Division 2.

Decided February 24, 2014.

Murder. DeKalb Superior Court. Before Judge Adams.

David D. Marshall, for appellant.

Robert D. James, Jr., District Attorney, Leonora Grant, Zina B. Gumbs, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney Gneral, Rochelle W. Gordon, Assistant Attorney General, for appellee.