# Court of Appeals
# of the State of Georgia

ATLANTA,   July 08, 2015

*The Court of Appeals hereby passes the following order:*

**A15A0135. WILLIAMS v. THE STATE.**

In connection with obtaining monies from four Cobb County residents ages 70 and older in exchange for promises to perform repair and maintenance at their respective houses, Billy Eugene Williams was convicted after a jury trial of four counts of theft by deception and four counts of exploitation of an elder person. His motion for new trial was denied, and Williams filed this direct appeal. For the following reasons, we remand this case for completion of the record.

In several claims of error, Williams contests the admission of evidence allowed as similar transactions.[1] In particular, the state called to the stand six Bartow County residents; they testified about their dealings with Williams, who obtained their monies after promising to perform repair and maintenance at their respective houses.

---

[1] Williams was tried in 2009, under Georgia's old Evidence Code. See Ga. L. 2011, pp. 99, 214, § 101 (providing that Georgia's new Evidence Code applies "to any motion made or hearing or trial commenced on or after" January 1, 2013). "Under the old Evidence Code, evidence of an independent act could be offered to prove such things as motive, intent, bent of mind, course of conduct, intent, plan, scheme, or identity." *Peoples v. State*, 295 Ga. 44, 54 (4) (b) (757 SE2d 646) (2014) (citations omitted). See generally *Whitehead v. State*, 287 Ga. 242, 249 (3) (695 SE2d 255) (2010) (referring to evidence of independent offenses or bad acts as "similar transaction evidence," where case was tried under Georgia's old Evidence Code); *Scruggs v. State*, 295 Ga. 840, 841 (2), n. 2 (764 SE2d 413) (2014).

Williams contends that the trial court erred by admitting the similar transaction evidence prior to satisfying the rule that, before evidence of an independent offense or act can be admitted, the court must hold a hearing as required by Rule 31.3 (b) and make the three on-the-record findings required by *Williams v. State*.[2] Williams points out that the trial court did not enter a written order explicitly finding that the evidence proffered satisfied the three-step analysis for admissibility. And he asserts, "The record further reflects that there was no hearing held by the trial court on this critical matter."

But as he acknowledges in his brief, Williams was tried on a re-indictment, and the state had filed in the case under the initial indictment notice of its intent to present evidence of the Bartow County incidents. Williams states further in his brief, "Williams does not dispute that the State filed a notice on July 20, 2009 announcing its intention to offer at trial proof of similar transaction evidence regarding activities in Bartow County." And the trial transcript shows that, just before the court summoned the jurors into the courtroom to administer the trial oath, the prosecutor reminded the court of the state's intent to present evidence of similar transactions. The following transpired.

> Trial Judge: Okay. [Defense counsel], do you have any comment on that?
> Defense Counsel: No, your Honor.
> Trial Judge: Well, you don't have due process issues. They have notice. They've had an opportunity to be heard. And I'll rely on my prior rulings.
> Prosecutor: Okay. Thank you.
> Trial Judge: Bring in the jury.

---

[2] 261 Ga. 640 (409 SE2d 649) (1991); see *Peoples*, supra at 55 (4) (b) (reiterating that before evidence of an independent offense or act can be admitted, the state must give notice to the defendant, and the "court must hold the hearing required by Rule 31.3 (B) and make the three on-the-record findings required by *Williams*," supra).

Yet no transcript of a similar transaction hearing has been included in the appellate record. Williams thus "submits that the trial court's *apparent* failure to conduct the required hearing and to issue the required factual findings necessarily represents an abuse of its discretion, as the similar transaction evidence is not admissible absent full compliance with the mandated procedure."[3] Williams argues that he "should thus be granted a new trial based on the present record."

The state disagrees with Williams, taking the position that the above trial transcript excerpt makes it "*apparent* that there was a pretrial hearing and there was a ruling."[4]

With respect to what measures the trial court undertook prior to ruling that the contested evidence was admissible as similar transactions, the record provided to this Court does not fully disclose what transpired in the trial court and the parties do not agree thereon.[5] Given these circumstances, we REMAND this case to make the record

---

[3] (Emphasis supplied.)

[4] (Emphasis supplied.) See generally *Hanes v. State*, 294 Ga. 521, 523-524 (2) (755 SE2d 151) (2014) (rejecting claim that reversible error occurred, where the original indictment was dismissed, the defendant was re-indicted, and under the new indictment, the trial court sua sponte adopted its ruling based on the hearings associated with the original indictment); *Whitehead*, supra at 249 (2) (contemplating that objections to similar transaction evidence would be raised and ruled upon at a Rule 31.3 (B) hearing); *Guild v. State*, 234 Ga. App. 862, 869 (9) (508 SE2d 231) (1998) (noting that "an objection regarding the purpose for the admission of [similar transaction] evidence should have been made at the time admissibility was being determined, i.e., at the similar transaction hearing") (citation omitted).

[5] See OCGA § 5-6-41 (f). See generally *Matthews v. State*, 294 Ga. App. 836, 841-842 (4) (670 SE2d 520) (2008) ("This court will not presume the trial court committed error where, that fact does not affirmatively appear.") (citation omitted).

conform to the truth in accordance with OCGA § 5-6-41.[6]

Additionally, we note that in connection with the alleged lack of a similar transaction hearing, Williams charges both his trial counsel and his first post-conviction counsel with rendering ineffective assistance. But Williams has failed to include in the appellate record the transcript of the hearing on the motion for new trial. Upon remand, the clerk of the trial court is hereby directed to include with any record-supplement to be transmitted to this court a transcript of the hearing on Williams's motion for new trial.

Upon completion of the record as set forth above, this case may be transferred back to this Court for re-docketing. The parties and the trial court are hereby directed to expedite this matter to minimize further delay in the disposition of Williams's direct appeal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____07/08/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[6] Notably, both Williams and the state are represented on appeal by attorneys who did *not* represent them at trial.