In the Supreme Court of Georgia

Decided:    October 5, 2015

S15A0747. YOUNG v. THE STATE.

BLACKWELL, Justice.

Marico Young was tried by a DeKalb County jury and convicted of the murder of Gregory Porter, among other crimes. Young appeals, contending that the evidence is insufficient to sustain his convictions and that the trial court erred when it admitted evidence of a certain firearm found in his vicinity at the time of his arrest. We see no error, and we affirm.[1]

---

[1] The crimes were committed on October 9, 2009. Young and co-defendant Kyle Kee were indicted on December 29, 2009, and both were charged with malice murder, felony murder, four counts of aggravated assault, and unlawful possession of a firearm during the commission of a felony. Young and Kee were tried together, beginning on August 8, 2011. The jury returned its verdict on August 17, 2011, finding Young guilty on all counts, and Kee not guilty on all counts. Young was sentenced to imprisonment for life for malice murder, a consecutive term of imprisonment for twenty years for the aggravated assault of Tirrell North, imprisonment for terms of twenty years each for the aggravated assaults of Paul Cargile, Terrell Andrews, and Joshua Smith (concurrent with one another but consecutive to the sentence for the aggravated assault of North), and a consecutive term of imprisonment for five years for unlawful possession of a firearm during the commission of a felony. The verdict as to felony murder was vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Young timely filed a motion for new trial on September 8, 2011, and he amended it on March 26, 2014. The trial court denied his motion on October 17, 2014, and Young timely filed a notice of appeal on November 17, 2014. The case was docketed in this Court for the April 2015 term and submitted for decision on the

1. Viewed in the light most favorable to the verdict, the evidence shows that Young and Terrell Andrews exchanged words at a store near the Wynhollow Apartments on the evening of October 9, 2009. In the course of this exchange, Young told Andrews, "I'm going to catch you in the apartments." Approximately 30 to 45 minutes later, Young returned to Wynhollow Apartments, where he was staying with his mother and her boyfriend, Kyle Kee. At that time, Andrews was with a group of young men who were sitting or standing at a retaining wall on the apartment complex property, with their backs to the complex pool. Young's girlfriend dropped him off outside the complex leasing office, and he came down a path behind the leasing office, adjacent to the pool. Witnesses reported that he jogged down the hill behind or near the pool, holding his hand at his waist as if he were holding something in place. When he reached the staircase leading down from the pool, located to the left of the retaining wall, he stepped around or through a bush beside the staircase and fired a weapon numerous times at the group.

Tirrell North was immediately struck in the head by one of the first shots, and Andrews then returned fire. As a result of the gun fight, Porter was shot

briefs.

2

twice in the back and killed, North was shot once in the head and finger, Joshua Smith was shot once in the thigh, Andrews was shot once in the left buttock, and Paul Cargile was shot in the arm, ankle, thigh, and bladder. Young fled the scene unharmed and was apprehended at the home of his girlfriend three days later. At the time he was arrested, police recovered a .40 caliber Heckler & Koch handgun from a closet, only about seven feet away from the place in which they found Young.

Young claims that three of the State's witnesses could have been charged with attempted murder if they had not claimed that they were acting in self-defense. For this and related reasons, Young says, each of those witnesses had a strong motive to testify that Young was the initial aggressor, and the evidence is insufficient, he urges, to sustain his convictions. The evidence shows, however, that Andrews, Porter, and three other people with them were shot a total of ten times, several witnesses testified that Young was the first to shoot, and the evidence shows that Young was able to flee the property unharmed. Young's only arguments involve the credibility of witnesses, and when we consider the legal sufficiency of the evidence, we leave questions of credibility to the jury. See Cleveland v. State, 285 Ga. 142, 147 (674 SE2d 289)

(2009) ("Decisions regarding credibility are uniquely the province of the trier of fact." (Citations omitted)). Upon our review of the record, we conclude that the evidence presented at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Young was guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Young contends that the trial court erred when it admitted the .40 caliber Heckler & Koch handgun into evidence even though that particular gun indisputably was not used to commit the crimes with which Young was charged. According to Young, the prosecution introduced this evidence in an attempt to portray him as a violent individual with access to guns and a propensity to shoot, the evidence was irrelevant and prejudicial, and it improperly lessened the State's burden of proving that Young did not act in self-defense. As a general rule, however, "the circumstances connected with a defendant's arrest are admissible, even if such circumstances incidentally place the defendant's character in issue." Nichols v. State, 282 Ga. 401, 403 (2) (651 SE2d 15) (2007) (citations omitted). And the admission or exclusion of such evidence "lies within the sound discretion of the trial court, whose decision will not be

4

disturbed on appeal absent a clear abuse of discretion." Benford v. State, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000) (citation and punctuation omitted). A trial court generally does not abuse its discretion in admitting evidence of the circumstances surrounding the defendant's arrest unless "the evidence is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant." Hanes v. State, 294 Ga. 521, 524 (3) (755 SE2d 151) (2014) (citation and punctuation omitted.).

In a recent murder case, we decided that, because a weapon seized at the time of the defendant's arrest — two-and-a-half months after the murder — was "largely identical to the murder weapon in size, style, and brand," it was "both probative of the general circumstances of [the defendant's] arrest and highly relevant to the murder and aggravated assault, which were committed with a similar weapon." Hanes v. State, 294 Ga. at 524 (3). In this case, Young's arrest occurred just three days after the murder, and the murder weapon, which was never recovered, was proved to be a .40 caliber pistol. Because the weapon found at the time of Young's arrest was also a pistol and was of the same caliber as well (though not of the same brand as the murder weapon), we think that it was relevant and that the arrest was not too remote in time for that relevant

5

evidence to be admitted. See id.; Manuel v. State, 315 Ga. App. 632, 633 (1) (727 SE2d 246) (2012); Simmons v. State, 251 Ga. App. 682, 684 (1) (555 SE2d 59) (2001). Consequently, we conclude that the trial court did not abuse its discretion in allowing the .40 caliber Heckler & Koch into evidence.[2] See Hanes, 294 Ga. at 524 (3).

Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in Division 1 and in the judgment.

---

[2] We note that the trial court did exclude, as not relevant, evidence that a .25 caliber handgun was found on a dresser near Young at the time of his arrest.