**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 13, 2020**

# In the Court of Appeals of Georgia

A19A1944. MCCLOUD v. THE STATE.

MCFADDEN, Chief Judge.

The issue in this appeal is whether the trial court erroneously admitted evidence of marijuana found during the defendant's arrest. Because the trial court did not abuse its discretion in admitting the evidence as part of the circumstances surrounding the arrest, we affirm.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that on the night of October 20, 2015, Vontavious McCloud was driving a car in Cordele, Georgia when he was stopped by a police officer for failing to use a turn signal. When other officers at the scene saw drug paraphernalia in the car, the officer who had made the traffic

stop asked McCloud to get out of the vehicle. McCloud then shifted the car into gear and sped away from the scene. The officer who had made the stop got back in his police car and pursued McCloud. After running through a stop sign, McCloud eventually stopped the car, got out of it, and fled on foot. The officer stopped his car and ran after McCloud, but was unable to catch him.

Upon returning to his car, the officer discovered that McCloud had left his abandoned vehicle in reverse and it had rolled back and struck the officer's parked car. Police searched the abandoned vehicle and inside it they found, among other things, small bags of marijuana, a pill bottle containing methamphetamine, a digital scale, a pipe, a wad of cash, and a notebook with an apparent list of drug customers. While the officers were searching the vehicle, McCloud's mother arrived at the scene and told the officers that it was her car and that McCloud had in fact been using the car that night.

Approximately two months later, police went to the mother's house to execute an arrest warrant for McCloud. The mother consented to the officers entering her house and pointed them to McCloud's room. McCloud was not in his room, but the officers found him hiding in a bathroom shower and placed him under arrest. The officers also found various items in plain view in the bedroom, including marijuana

in a small plastic bag, marijuana seeds, clear plastic bags, and a box for a digital scale.

Based on the drugs found in the car, McCloud was charged by accusation with possessing both methamphetamine and marijuana with intent to distribute. He was also charged with a turn signal violation, fleeing or attempting to elude a police officer, and failing to stop at a stop sign. The case proceeded to a trial before a jury, which found McCloud guilty of all charged offenses. The trial court imposed a total sentence of 30 years, with 15 years to be served in confinement and the remainder on probation. McCloud filed a motion for new trial, which the trial court denied. This appeal followed.

2. *Admission of evidence found during arrest.*

McCloud contends that the trial court erred in admitting evidence of the marijuana and marijuana seeds found in his room incident to his arrest. We disagree.

> As a general rule, . . . the circumstances connected with a defendant's arrest are admissible, even if such circumstances incidentally place the defendant's character in issue. And the admission or exclusion of such evidence lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion. A trial court generally does not abuse its discretion in admitting evidence of the circumstances surrounding the defendant's arrest unless the evidence is wholly unrelated to the charged crime, the

3

arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant.

*Young v. State*, 297 Ga. 737, 739 (2) (778 SE2d 162) (2015) (citations and punctuation omitted).

Here, the marijuana and marijuana seeds found during the arrest were not wholly unrelated to the charged crimes. While the evidence found in McCloud's room did not constitute the basis for the charges, it "was both probative of the general circumstances of [McCloud's] arrest and highly relevant to the [possession of marijuana with intent to distribute charge], which [was] committed with [the same type of drug in] similar [packaging]." *Hanes v. State*, 294 Ga. 521, 524 (3) (755 SE2d 151) (2014). Accordingly, the trial court did not abuse its discretion in admitting evidence of the marijuana and marijuana seeds found during McCloud's arrest. See *Gillespie v. State*, 333 Ga. App. 565, 573-575 (2) (c) (774 SE2d 255) (2015) (no abuse of discretion in allowing evidence of marijuana found in closet where defendant was hiding at time of his arrest).

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*